# UNITED STATES DISTRICT COURT

_____ Eastern _____ District of _____ Michigan _____

UNITED STATES OF AMERICA

Robert Bulmer
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-30002

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

1/10/2014
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Robert Bulmer Order of Detention

This is a presumption case.

Defendant is a 29 year old single male who is charged by way of criminal complaint with Coercion and Sexual Enticement of a Minor. Specifically on 12/9/13 Defendant posted on Craigslist an ad for "incest mommies only", specifying that he was looking for a single mother with a daughter 11 to 15 years of age who would let him date her (the minor girl) and the mother at the same time, and that he was a nice guy who has been wanting to do this for a long time.

On December 12, 2013 an undercover agent responded to Defendant's ad indicating that she had a 13 year old daughter and that she was open minded. Defendant responded that he wanted to start an incest family, and he wanted to teach her daughter "what it was like to have a big cock in her life." Numerous emails were exchanged, during which Defendant's intentions to have sexual intercourse with the minor girl were expressed. The UC then provided Defendant with a phone number to an undercover cell phone. This resulted in several text messages being exchanged between the UC and Defendant between December 2013 and January 8, 2014, in addition to live telephone conversations, one of which lasted 14 minutes in which Defendant graphically described to the UC what sexual acts he intended to perform on her 13 year old daughter. On January 6, 2014 the sexually explicit messages continued, along with a request to meet in person. On January 7, 2014 Defendant repeated that he wanted to meet and have sexual intercourse with a young child. On January 8, 2014 Defendant called the UC and talked graphically and explicitly about the sexual acts he wanted to perform on the mother's 13 year old daughter and confirmed that he still was very interested in meeting the mother and her daughter for sex. He agreed to meet them on January 9, 2014 at a specific location in Macomb County, Michigan, telling the UC that he drove a tan Chevy Impala. Defendant arrived in his tan Chevy Impala on January 9, 2014 and was taken into custody.

Upon being arrested Defendant waived his Miranda rights and admitted that he came to the meet spot with every intention of having sex with the mother and her 13 year old daughter, that he had a laptop at home with pictures of young girls on it, that he used his cell phone and computer to communicate with the UC, that he did post on Facebook that incest is one of his "likes", that he never before solicited a child for sex or sexually touched a child, and that this incident was his third post on Craigslist seeking a mother/daughter/child incest sexual relationship.

In fact Defendant's Facebook page lists his "likes" which include incest, incest family, father-daughter incest. Under the Facebook "books" section Defendant posted that he was interested in books about father-daughter incest, Milf's-cougars, and family sex stories. Defendant also belongs to two Facebook groups: incest (320 members) and public sex chat (24 members).

On January 9, 2014 a search warrant was executed at Defendant's residence and several electronic computers and devices were taken which had not yet been analyzed at the time of the detention hearing.

Defendant admits to marijuana use since the age of 14 and tested positive for marijuana when he was brought into custody. He stated that he used cocaine several times between the ages of 16 and 17, and that he used to abuse alcohol. He claims that he no longer drinks alcohol excessively, as he has been diagnosed with Crohn's disease.

Defendant's criminal record includes a 2011 conviction for Assault with Intent to Do Great Bodily Harm Less than Murder and Assault with a Dangerous Weapon for which he was sentenced to 12 months probation in Taylor, Michigan on 11/22/2011. Significantly, Defendant failed to appear for his Pre-Disposition hearing on 10/11/2011 and on 10/13/2011 he was arraigned on the Failure to Appear charge and bond was reinstated. On 4/5/2012 Defendant was arraigned on a Violation of Probation. Defendant was alleged to have had contact with the victim of the assault and made threats against his life. On 5/4/12 the violation was dismissed and probation was continued. On 12/19/13 Defendant's probation term was ordered extended due to Defendant's failure to pay court ordered fines and costs. On 4/29/13 Defendant's probation was closed.

Pretrial Services concludes that Defendant poses both a risk of flight and a danger to the community.

The risk of flight concerns are based upon the nature of the offenses charged, Defendant's criminal history which includes a Failure to Appear, Defendant's substance abuse history, and Defendant's failure to comply with conditions of his previously ordered supervised release.

The risk of danger concerns are based upon the nature of the allegations in the criminal complaint, Defendant's prior conviction of Assault With Intent to do Great Bodily Harm Less than Murder and Assault With a Dangerous Weapon (Felonious Assault), Assault and Battery, his substance abuse history, his history of violent behavior, Defendant's failure to comply with the conditions of his supervised release resulting in Violations.

Analyzing the factors enumerated in 18 USC 13412 (g), Defendant took numerous overt and explicit steps to execute his scheme of sexual violence against a minor child, he confessed to his intentions to meet and have sex with a 13 year old girl, numerous text messages and voice messages were recorded and have been memorialized, and therefore the evidence against Defendant is strong and reliable. Defendant's criminal history includes a felony conviction for Assault With Intent to do Great Bodily Harm Less than Murder, he has a continuing history of substance abuse, and admits to a past history of substance abuse (cocaine and alcohol), and his record of court appearances includes one Failure to Appear.

Defendant argues for bond, stating that he is not a risk of flight, and that his parents, with whom he has been living his entire life, and who appeared in court, are willing third party custodians. Defendant also argues that he is employed as a trucker, that this is his first federal offense, and that conditions can be fashioned to minimize his danger to the community, such as location monitoring, drug treatment, psychiatric treatment, and travel restrictions.

The Court finds that the presumption of detention has not been rebutted, and that there is clear and convincing evidence that supports its conclusion that Defendant poses a danger to the community, and that there is no condition or combination of conditions that would assure the safety of the community. Neither Third party custody, nor the conditions suggested by Defendant, would appropriately mitigate Defendant's threat of danger to society.

Therefore Detention is Ordered.